IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK WASHINGTON,                    1:05-cv-1486 REC TAG HC

    Petitioner,

  vs.                                   REPORT AND RECOMMENDATION
                                                                             TO DISMISS PETITION FOR LACK
A. K. SCRIBNER,                         OF PROSECUTION

    Respondent.
                                        /

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On March 22, 2006, the Court issued an order requiring Petitioner to submit an application to proceed in forma pauperis and a certified copy of his prison trust account statement for the entire six-month period immediately preceding the filing of the petition OR pay the $5.00 filing fee for this action, within thirty days from the date of service of that order.  (Doc. 39)  The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the Court's order.

      In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondent; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since August 27, 2004.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a

1

presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order expressly stated: "Failure to comply with this order will result in a recommendation that this action be dismissed." Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

## RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that the instant petition be DISMISSED for Petitioner's failure to prosecute.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 7, 2006**                                    /s/ Theresa A. Goldner
**j6eb3d**                                                   UNITED STATES MAGISTRATE JUDGE

2